1  JODI SIEGNER, Bar No. 102884
   Email: jsiegner@deconsel.com
2  DeCARLO & SHANLEY,
   a Professional Corporation
3  533 South Fremont Avenue, Ninth Floor
   Los Angeles, California  90071-1706
4  Telephone:  (213) 488-4100
   Telecopier: (213) 488-4180
5
   Attorneys for Plaintiffs, Brent Beasley, Ernest Glasgow, Cliff
6  Smith, Greg Banks, Trustees of the Union Roofers Supplemental
   Annuity Trust, Union Roofers Health & Welfare Fund, Union Roofers
7  Vacation Fund, Union Roofers Administrative Fund, Union Roofers
   Joint Apprenticeship and Training Fund; Pacific Coast Roofers Pension Plan
8

9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11                          SOUTHERN DIVISION

12

13

14  BRENT BEASLEY, ERNEST          )
    GLASGOW, CLIFF SMITH, GREG     )   CASE NO.
15  BANKS, TRUSTEES OF THE UNION   )
    ROOFERS SUPPLEMENTAL           )
16  ANNUITY TRUST, UNION           )   COMPLAINT FOR SPECIFIC
    ROOFERS HEALTH & WELFARE       )   PERFORMANCE TO
17  FUND, UNION ROOFERS            )   CONDUCT AN AUDIT
    VACATION FUND, UNION           )
18  ROOFERS ADMINISTRATIVE         )   (ERISA Sec. 515, 502(A)(G), 29
    FUND, UNION ROOFERS JOINT      )   U.S.C. Sec. 1145, 1132(A)(C)(2))
19  APPRENTICESHIP AND TRAINING    )
    FUND; PACIFIC COAST ROOFERS    )
20  PENSION PLAN;                  )
                                   )
21                    Plaintiffs,  )
    v.                             )
22                                 )
    SOUTHWEST GROUP CA, INC.,      )
23  a California corporation;  and DOES )
    1 through 10, inclusive,       )
24                                 )
                                   )
25                    Defendants.  )
    _____)

26  / / /

27  / / /

28  / / /

## JURISDICTION

1. This is a civil action to recover fringe benefit contributions, liquidated damages, attorneys fees and costs and also for specific performance to conduct an audit. This action arises and jurisdiction of the court is founded on section 301 of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185a, and sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1132 and 1145.

## PARTIES AND OTHERS

2. Plaintiffs BRENT BEASLEY, ERNEST GLASGOW, CLIFF SMITH and GREG BANKS are the Trustees of the UNION ROOFERS SUPPLEMENTAL ANNUITY TRUST, UNION ROOFERS HEALTH & WELFARE FUND, UNION ROOFERS VACATION FUND, UNION ROOFERS ADMINISTRATIVE FUND and the UNION ROOFERS APPRENTICESHIP AND TRAINING FUND.

3. The above-referenced Trust Funds are self administered by their Board of Trustees and have their offices in the County of Los Angeles, City of Downey. Venue is proper in this Court under Section 502(e)(2) of ERISA, (29 U.S.C. Section 1132(E)(2)).

4. PACIFIC COAST ROOFERS PENSION PLAN was and is a Regional defined benefit pension plan associated with the United Union of Roofers, Waterproofers and Allied Workers Locals 220 and 36. The Trust Funds referenced in Paragraph 2 above and PACIFIC COAST ROOFERS PENSION PLAN are collectively referred to as "TRUST FUNDS".

5. The TRUST FUNDS were created and now exist pursuant to Section 302(c) of the Labor Management Relations Act of 1947 as amended, 29 U.S.C. Section 186(c). The TRUST FUNDS are multi-employer plans as denied in ERISA Section 3(37)(A) and as used in ERISA section 515 and 502(g)(2), as amended, 29 U.S.C. Section 1145, 1132(g)(2).

6.    At all relevant times, SOUTHWEST GROUP CA, INC., a California corporation; and DOES 1 through 10, inclusive, (collectively referred to as "EMPLOYER") was and is a California corporation engaged in the roofers, waterproofers and allied industry in Southern California.

7.    The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants named herein as DOES 1 through 10, are unknown to TRUST FUNDS, who therefore sue the defendants by such fictitious names, and TRUST FUNDS will amend this complaint to show their true names and capacities when the same have been ascertained.

8.    At all relevant times, EMPLOYER was bound to a written Affirmation Agreement with the UNION. A true and correct copy of the Affirmation Agreement is attached as Exhibit "1".

9.    The United Union of Roofers, Waterproofers and Allied Workers Locals 220 and 36 ("UNION") is a labor organization that is a party to the collective bargaining agreement(s) involved.

10.    The Affirmation Agreement binds EMPLOYER to the Collective Bargaining Agreement by and between Individual Roofing Contractors and Other; and Local #36 and 220 of the United Union of Roofers, Waterproofers and Allied Workers and any amendments to the Collective Bargaining Agreement (collectively referred to as "AGREEMENTS").

11.    The AGREEMENTS provide that the PLANS have the specific authority to examine the EMPLOYER's job cost records, general check registers and check stubs, bank statements and canceled checks, general ledgers, cash disbursements ledgers, worker compensation insurance reports, financial statements, corporate income tax returns, employee time cards, payroll journals, individual earnings records of all employees, forms W-2, 1099 and 1096 remitted to the U.S. Government, quarterly state tax returns, health and welfare and pension

1  reports for all other trades, cash receipts' journal, copies of all contracts and all
2  material invoices.
3      12.    The TRUST FUNDS have requested access to EMPLOYER's
4  business records for the purpose of conducting an audit.
5      13.    EMPLOYER has failed and/or refuses to allow the TRUST FUNDS
6  to complete such an audit.
7      14.    The TRUST FUNDS have no adequate or speedy remedy at law.
8      15.    It has been necessary for TRUST FUNDS to engage counsel to bring
9  this action to compel compliance with the AGREEMENTS, and to recover the
10 attorneys' fees and the costs for which EMPLOYER is liable pursuant to Section
11 502(g)(1) of ERISA and pursuant to the AGREEMENTS.
12
13      WHEREFORE, PLAINTIFFS pray for judgment as follows:
14      1.    That EMPLOYER be compelled to forthwith submit to completion of
15 an audit of EMPLOYER business records covering the period from December 9,
16 2015 through the present, by the TRUST FUNDS' auditors at the premises of
17 EMPLOYER during business hours, at a reasonable time or times, and to allow the
18 auditors to examine and copy the following books, records, papers, documents and
19 reports of EMPLOYER: all job cost records, general check register and check
20 stubs, bank statements and canceled checks, general ledgers, worker compensation
21 insurance reports, financial statements, cash disbursements ledgers, corporate
22 income tax returns, employee time cards, payroll journals, individual earnings
23 records of all employees, forms W-2, 1099 and 1096 remitted to the U.S.
24 Government, quarterly state tax returns, health and welfare and pension report for
25 all other trades, cash receipts' journal, copies of all contracts, and all material
26 invoices;
27      2.    For reasonable attorneys' fees;
28

| | |
|---|---|
| 1 | 3. For costs of this action; |
| 2 | 4. For further contributions according to proof; and |
| 3 | 5. For such other and further relief as the court deems proper. |

3. For costs of this action;
4. For further contributions according to proof; and
5. For such other and further relief as the court deems proper.

Dated: August 12, 2016

DeCARLO & SHANLEY,
a Professional Corporation

By: /s/ Jodi Siegner
JODI SIEGNER
Attorneys for Plaintiffs,
BRENT BEASLEY, ERNEST GLASGOW, CLIFF SMITH, GREG BANKS, TRUSTEES OF THE UNION ROOFERS SUPPLEMENTAL ANNUITY TRUST, UNION ROOFERS HEALTH & WELFARE FUND, UNION ROOFERS VACATION FUND, UNION ROOFERS ADMINISTRATIVE FUND, UNION ROOFERS JOINT APPRENTICESHIP AND TRAINING FUND; PACIFIC COAST ROOFERS PENSION PLAN